J-S14030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL HENRIE | : | |
| | : | |
| Appellant | : | No. 1021 EDA 2019 |

Appeal from the PCRA Order Entered March 8, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007659-2012

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KING, J.:                                   Filed: May 8, 2020

Appellant, Carl Henrie, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant entered an open guilty plea to third-degree murder and possessing instruments of crime on August 2, 2013.  On November 18, 2013, the court sentenced Appellant to an aggregate term of eighteen (18) to forty (40) years' imprisonment.  Appellant did not file post-sentence motions or a direct appeal.

Appellant filed a *pro se* PCRA petition on December 14, 2016, per the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

prisoner mailbox rule.[2]  In his petition, Appellant claimed plea counsel was ineffective for failing to investigate the issue of Appellant's mental state at the time of the offenses.  Following multiple continuances, the PCRA court appointed counsel on May 11, 2018.  On August 3, 2018, PCRA counsel filed a **Turner**/**Finley**[3] letter.  PCRA counsel amended the **Turner**/**Finley** letter on January 11, 2019.  On January 25, 2019, the PCRA court provided notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907.  Appellant did not respond to the Rule 907 notice.  On March 8, 2019, the PCRA court dismissed Appellant's PCRA petition as untimely filed and permitted PCRA counsel to withdraw.

Appellant timely filed a *pro se* notice of appeal on March 26, 2019.  On April 4, 2019, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant timely filed his *pro se* Rule 1925(b) statement on April 19, 2019.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite.  **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition shall be filed within one year of the date the underlying

---

[2] Appellant's PCRA petition was postmarked December 14, 2016.  **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

[3] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the required statutory window.  42 Pa.C.S.A § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on December 18, 2013, upon expiration of the 30-day period to file a direct appeal in this Court.  *See* Pa.R.A.P. 903(a).  Appellant filed the current petition on December 14, 2016, which is patently untimely.  *See* 42 Pa.C.S.A. § 9545(b)(1).  Significantly, Appellant failed to plead and prove any exception to the PCRA timeliness requirements.[4]  Therefore, his petition remains time-barred.  Accordingly, we affirm.

---

[4] In his brief, Appellant raises straightforward claims of ineffective assistance of plea counsel without mentioning any of the timeliness exceptions. Nevertheless, Appellant relies on *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) (requiring states to provide indigent defendants with assistance of psychiatrist to prepare incompetency defense, where accused makes preliminary showing that his impaired mental state at time of offense is likely to be significant factor at trial).  We note Appellant also cited *Ake* in his *pro se* PCRA petition, claiming it created a constitutional right that excused the untimely filing of his petition.  To the extent Appellant still relies

- 3 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/20

---

on ***Ake*** to excuse the untimely filing of his petition, the PCRA court correctly determined that "***Ake*** was decided nearly three decades prior to [Appellant's] guilty plea and thus can provide no new method by which to satisfy the timeliness exception for newly-recognized constitutional rights[.]" (PCRA Court Opinion, filed July 15, 2019, at 5) (internal quotation marks omitted). Moreover, this Court's review of the record confirms the PCRA court's finding that Appellant was deemed competent following a mental health evaluation prior to entry of the guilty plea. ***See id.***

- 4 -